UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80207-CIV-RYSKAMP/VITUNAC

GLYNIS D. SMITH, and all
similarly situated individuals,

        Plaintiff,

v.

INSTITUTE OF ALLIED MEDICAL
PROFESSIONS, INC., a Florida Corporation

        Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AND CLOSING CASE**

THIS CAUSE is before the Court upon Plaintiff's Motion for Entry of Final Default Judgment **[DE 14]** filed on August 13, 2007. Defendant's response was due by August 27, 2007, but it never responded. Accordingly, this motion is now ripe for adjudication.

On June 14, 2007, the Clerk of the Court entered default against Defendant **[DE 17]** for "failure to appear, answer or otherwise plead to the complaint filed herein within the time required by law." According to Federal Rule of Civil Procedure 12(a), a defendant has twenty (20) days from the date it is served with the summons and complaint within which to respond. Pursuant to S.D. Fla. Local Rule 7.1(C), failure to timely respond may be sufficient cause to grant the relief sought by default. Moreover, this action can be dismissed, or defenses stricken, or judgment entered, pursuant to S.D. Fla. L.R. 16.1(m).

Moreover, in the motion for default judgment, Plaintiff requests attorney's fees in the amount of 1,525.00. Plaintiff's attorney stated that he spent 6.1 hours on this case at $250 per hour. A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *ACLU v. Barnes*, 168 F.3d 423, 436 (11th Cir. 1999). The applicant bears the burden of producing

satisfactory evidence that the requested rate is in line with the prevailing market rate. *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987). At a minimum, "satisfactory evidence" requires more than the affidavit of the attorney performing the work and can involve direct evidence of charges by lawyers under similar circumstances or opinion evidence. *Harbaugh v. Greslin*, 365 F. Supp. 2d 1274, 1281 (S.D. Fla. 2005).

In this case, Plaintiff's attorney failed to submit an affidavit affirming his hours and the reasonableness of his rates. Plaintiff did, however, attach a copy of counsel's time sheet; but this time sheet does not support Plaintiff's fee request. *See* Exhibit C. Although Plaintiff requested $1,525.00 in fees in his motion, the time sheet lists a total amount due of $877.50 for the 6.1 hours worked. Since 19 U.S.C. § 216(b) directs this Court to award reasonable attorney's fees, this Court will award fees commensurate with the evidence produced in Exhibit C.

The Court has considered the motion and the pertinent portions of the record, and based on the foregoing reasons, it is hereby,

ORDERED AND ADJUDGED that Plaintiff's Motion for Entry of Final Default Judgment **[DE 14]** is **GRANTED**.

(1) Plaintiff shall be awarded $3,040.00 for overtime pay due and $3,040.00 for liquidated damages for a total of $6,080.00.

(2) Plaintiff shall be awarded an additional $487.30 in costs

(3) Plaintiff shall be awarded an additional $877.50 in attorney's fees.

(4) The Clerk of the Court is directed to CLOSE this case and DENY any pending motions as moot.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 5 day of October, 2007.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record